## HULDAH A. BAKER v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

### Argued June 9, 1899—Decided November 13, 1899.

The promise of a widow who was entitled by law to letters of administration upon the estate of her deceased husband, that she would not, as administratrix, bring a suit against the defendant within the time limited by the statute for bringing such actions, is not against public policy in the absence of any allegation that she was or became the personal representative of her husband; neither was her promise without consideration.

On demurrer.

To a declaration which was as follows, a demurrer was interposed and the subjoined causes specified :

"New Jersey Supreme Court of the sixteenth day of March, A. D. eighteen hundred and ninety-nine.

"Warren County, *ss.*

"The Delaware, Lackawanna and Western Railroad Company, the defendant in this suit, was summoned to answer unto Huldah A. Baker, the plaintiff therein, of an action in contract, and thereupon the said plaintiff, by Joseph M. Roseberry, her attorney, complains for that whereas, before the making of the promise and undertaking of the said defendant hereinafter next. mentioned, to wit, on the thirteenth day of March, A. D. eighteen hundred and ninety-eight, to wit, in the township of Mansfield, in the county of Warren, aforesaid, one Charles L. Baker, then the husband of the plaintiff, was in the employ of the said defendant as an engineer on a locomotive engine on the said defendant's railroad, and the said Charles L. Baker afterwards, to wit, on the day and year aforesaid, at the township of Mansfield, was ordered out with said locomotive engine upon the line of said railroad by said defendant company, to clear the track of said railroad of snowdrifts, and while the said Charles L. Baker was then and there acting under the command and according to the direction of said defendant company, other locomotive engines of the de-

fendant, propelled by fire and steam; under the management and control of divers other servants of the said defendant, were driven with great force .and violence, by and through the carelessness, negligence, unskillfulness and default of said defendant and their said servants, against the locomotive engine of the said Charles L. Baker, whereby the said locomotive engine of the said Charles L. Baker was then and there overturned and said Charles L. Baker thereby then and there killed. By reason of the premises a right of action did then and there accrue to the personal representative of the said Charles L. Baker for the exclusive benefit of his widow and next of kin against the said defendant; and plaintiff avers that, after the death of the said Charles L. Baker, the plaintiff, as his widow, was then and there entitled by law to letters of administration on his estate and to bring said action against said defendant company within one year from the death of said Charles L. Baker, and as such widow was entitled to the amount, or a part of it, recovered in such action. And thereupon the said defendant heretofore, to wit, on the first day of May, in the year last aforesaid, at the township of Mansfield, in the county aforesaid, in consideration that the said plaintiff would not bring, as administratrix of said Charles L. Baker, suit against the said defendant for the death of the said Charles L. Baker, for the benefit of his widow and next of kin, within the time limited by law, undertook and faithfully promised the said plaintiff that he, the said defendant, would pay to her thenceforth, during her natural life and widowhood, the sum of fifty dollars a month, payable each month during said time. And the said plaintiff avers that she, confiding in the said promise and undertaking of the said defendant, did accordingly forbear to bring suit within one year, the time limited by law, from the death of the said Charles L. Baker, as his administratrix, for the benefit of plaintiff, his widow and next of kin, against the said defendant; and plaintiff avers that she was a widow of the said Charles L. Baker from the time of making said contract with defendant to the bringing of this suit; and plaintiff

avers that the defendant fulfilled and kept their said undertaking and promise to plaintiff until the month of September, eighteen hundred and ninety-eight, since which time the defendant has failed to perform their said undertaking and promise to plaintiff as aforesaid, to wit, at the township of Mansfield aforesaid. And whereas, also, before the making of the promise and undertaking of the said defendant hereinafter next mentioned, to wit, on the thirteenth day of March, A. D. eighteen hundred and ninety-eight, to wit, in the township of Mansfield, in the county of Warren aforesaid, one Charles L. Baker, then the husband of the plaintiff, was in the employ and service of the said defendant as an engineer, in conducting and operating a locomotive engine of the said defendant, on the said defendant's railroad, and the said Charles L. Baker afterwards, to wit, on the day and year aforesaid, at the township of Mansfield aforesaid, was ordered out with said locomotive engine by the said defendant to open the tracks of said railroad where it was covered with snowdrifts, and while thus engaged, and then and there acting under the command and according to the directions of the said defendant, other locomotive engines, propelled by fire and steam, under the management and control of divers other servants of the said defendant, were then and there with great force and violence, by and through the negligence, carelessness, unskillfulness and default of the said defendant and their servants, driven against said locomotive engine under the management and control of the said Charles L. Baker, whereby the said locomotive engine, operated by the said Charles L. Baker, was overturned, and the said Charles L. Baker instantly killed. By means whereof, being then and there the widow of the said Charles L. Baker, claimed to have, as administratrix of the said Charles L. Baker, an action at law to be brought within one year from his said death against the said defendant, for the death of the said Charles L. Baker, for the benefit of plaintiff, his widow, and the next of kin of the said Charles L. Baker. And thereupon the said defendant afterwards, to wit, on the first day of

May, in the year last aforesaid, at the township of Mansfield aforesaid, in consideration that the said plaintiff would not bring, as administratrix of said Charles L. Baker, suit against the said defendant for the death of the said Charles L. Baker as aforesaid, within the said one year from the day of his death, undertook and faithfully promised the said plaintiff that he, the said defendant, would pay to her henceforth, to wit, from the day of the death of the said Charles L. Baker, during her natural life and widowhood, the sum of fifty dollars a month, payable each and every month during said time, which proposition the said plaintiff did then and there accept. And the said plaintiff avers that she, confiding in the said promise and undertaking of the said defendant, did accordingly forbear to bring suit as administratrix of said Charles L. Baker as aforesaid, for the benefit of herself as his widow and his next of kin, within one year from the day of his death as aforesaid, and plaintiff avers that she has been since the death of the said Charles L. Baker and is now his widow, and that the said defendant did perform and keep their said promise and undertaking with the said plaintiff until the month of September, A. D. eighteen hundred and ninety-eight. Since which time the said defendant has not performed, fulfilled and kept their said promise and undertaking as aforesaid, to wit, at the township of Mansfield aforesaid.

"And whereas, also, the said defendant heretofore, to wit, on the eighth day of March, eighteen hundred and ninety-nine, in the county of Warren aforesaid, was indebted to the plaintiff in five hundred dollars, for the price and value of goods sold and delivered by the plaintiff to the defendant at their request; and in like sum of money for the price and value of goods bargained and sold by the plaintiff to the defendant at their request; and in like sum of money for the price and value of work done, and materials for the same provided by the plaintiff for the defendant at their request; and in like sum of money for money lent by the plaintiff to the defendant at their request; and in the like sum of money for money received by the defendant at their request; and in like sum of

money for money received by the defendant for the use of the plaintiff; and in the like sum of money for money paid by the plaintiff for the use of the defendant at their request; and in the like sum of money for interest due from the defendant to the plaintiff for the plaintiff's having forborne moneys due from the defendant to the plaintiff at the defendant's request, for a long time then elapsed; and in the like sum of money for money found to be due from the defendant to the plaintiff on an account then and there stated between them; and in the like sum of money for the prevention of litigation by the plaintiff against the defendant at their request; and in the like sum of money for the forbearance of litigation by the plaintiff against the defendant at their request, and the defendant afterwards, to wit, on the day and year last aforesaid, in the county aforesaid, in consideration of the premises, respectfully promised to pay the said several last-mentioned moneys respectively to the plaintiff on request, yet the said defendant not regarding their said several promises and undertakings, but contriving and fraudulently intending craftily and subtilely to deceive and defraud the said plaintiff in this behalf, hath not paid the several sums of money herein mentioned before, or any part thereof, to the said plaintiff, although the said defendant was often requested so to do; but the defendant to do this hath hitherto wholly refused, and still refuses; wherefore the said plaintiff says that she is injured and hath sustained damages to the amount of five hundred dollars, and therefore brings suit, &c."

" Sir—Please to take notice, that the following is a specification of the causes of demurrer to the first and second counts of the plaintiff's declaration in the above-named cause :

" (As to First Count.)

" I.

" It fails to disclose a legal consideration for the contract sued on, in that,

" 1. The facts alleged disclose no actionable liability on the part of the company for the death of plaintiff's decedent, and no valuable consideration for the alleged promise.

" 2. It contains no allegation that the plaintiff was, at the time of the alleged promise, or at any time afterwards within one year from the death of the decedent, the administratrix of the decedent.

### " II.

" The contract alleged is, under the facts disclosed, against public policy, in that it was intended to defraud the next of kin of the decedent, who were the *cestui que trustent* of the plaintiff, and if a legal ground of action against the defendants for the death of the decedent existed, did defraud the said next of kin.

### " III.

" The contract alleged, under the facts alleged in the count, is void for fraud, in that it appears by the allegations of the count to have been an agreement to defraud the next of kin of the decedent, for the benefit of the plaintiff, who occupied towards them the position of a trustee.

### " IV.

" The alleged contract is *ultra vires* the defendant corporation.

### " (*As to Second Count.*)

" This count is subject to the same criticism as those just made in count one, and the same causes of demurrer are hereby specified to that count.

" Dated May 20/99."

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Joseph M. Roseberry.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

GARRISON, J.   If the plaintiff at any time during the period covered by the promise set out in her declaration was or became the personal representative of her husband, her undertaking not to bring suit against the defendant for his death until the time limited by law for bringing such an action had run, would have been void as against public policy.

The first count contains no suggestion that she ever took out letters ; it merely states that she was by law entitled to them.   The second count states that she claimed to have, as administratrix of her husband, an action at law for his death. The fact that she was at any time his personal representative is therefore not established by the demurrer.   Indeed, one of the causes for demurrer specified by the defendant is that neither count of the declaration contains any allegation that the plaintiff was, at the time of the alleged promise, or at any time within one year, the administratrix of her husband. This being so, I can see no reason for sustaining this demurrer.   The *narr.* discloses a cause of action under the Death act.   The promise of the widow not to bring a suit in a capacity that she did not possess was a legal injury to no one.   Whether there was any substantial benefit to the defendant in such a promise, is immaterial.   There was a possible detriment to the plaintiff, and that is consideration enough.

The demurrer should be overruled.